UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF STEVEN FINCH, SHANNON FINCH, HAROLD FINCH, and N.F., a minor,<br><br>Plaintiffs,<br>vs.<br><br>STATE OF WASHINGTON, ELIZABETH STARLIGHT, MELISSA GASKIN, GREG RUBINDO, R. HOOPER, A. ROGER, DARYL HUNTSINGER, and GREG OLIVER,<br><br>Defendants. | Case No. 2:25-cv-02328-JHC<br><br>ORDER RE: MOTION TO DISMISS THIRD AMENDED COMPLAINT |

This matter comes before the Court on certain individual Defendants' Motion to Dismiss Third Amended Third Amended Complaint. Dkt. # 46. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court DENIES the motion.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the

plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Third Amended Complaint (TAC) sufficiently alleges that the Moving Defendants acted under color of state law. *See* Dkt. # 42-1 ¶¶ I, 2.6, 2.7, 2.8, 2.9, 2.10, 4.1, 4.2, 4.50, 4.51, 4.52, 4.53, 4.54, 4.55 & 5.6. The Court finds helpful and persuasive Plaintiffs' discussion of case law at Dkt. # 47 at 4-7. Notably, the Moving Defendants' reply does not meaningfully engage with this application of legal authority. Dkt. # 48. Likewise, the TAC sufficiently states claims as to each Moving Defendant. *Id.* ¶¶ 4.50, 4.51, 4.52, 4.53, 4.54, 5.4 & 5.5. Though these claims may be filipendulous to some extent, at this stage, when viewed through the forgiving lens of Rule 12(b)(c), the underlying allegations are adequate.

For these reasons, the Court DENIES the motion and DECLINES to consider Rule 11 sanctions against the Moving Defendants or their counsel.

DATED this 9th day of September, 2026.

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE